UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESSIAH MESSIAH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. GARCIA LARA, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02616-JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 55 |

Now before the Court is Plaintiff's motion to file a second amended complaint. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's motion.

## BACKGROUND

Plaintiff Messiah, a California inmate, commenced this litigation pro se in April 2022. (Dkt. No. 1, Compl.) Plaintiff originally named prison employees D. Garcia Lara, R. Garcia, A. Rodriguez, W. Welch, and "more to be determined" as defendants. (*Id.*) He alleged that defendants "falsified documents by way of addition, omition [sic], [and] alteration of facts," that defendants violated their duties of intervention and to report criminal activities of staff in violation of 42 U.S.C. section 1983. (*Id.* at 3.) Plaintiff further alleged that certain defendants punched, kicked, and stomped on Plaintiff, "leaving a hole in [Plaintiff's] head and a brain injury," while the others watched. (*Id.*)

In July 2022, Plaintiff filed his First Amended Complaint. (Dkt. No. 13, First Am. Compl.) Plaintiff added allegations relating to the exhaustion of his administrative remedies. (*Id.* at 2.) He also added E. Beam, J. Thich, T. Haner, and A. Andaverde as defendants. (*Id.* at 5.)

Plaintiff alleged that in May 2021 at Salinas Valley State Prison Correctional Officers A. Rodriguez, R. Garcia, D. Garcia-Lara, and W. Welch used excessive force on him in violation of the Eighth Amendment. (*Id.* at 4.) He also alleged correctional officers J. Thich and E. Beam witnessed the attack, but failed to intervene, and that all of the named correctional officers filed false reports regarding the attack. (*Id.* at 4, 16, 18.)

In January 2023, this Court screened Plaintiff's First Amended Complaint, dismissed the false report claim for failure to state a claim, and ordered service. (Dkt. No. 17, Order of Partial Dismissal and of Service, at 3.) The Court found that Plaintiff failed to allege that "(1) the false disciplinary report was filed in retaliation for [his] exercise of a constitutional right and (2) he was not afforded procedural due process in a proceeding concerning the false report." (*Id.* at 2.) The Court dismissed T. Haner and A. Andaverde as defendants.

On June 29, 2023, Plaintiff moved to file a second amended complaint ("SAC"). (Dkt. No. 39.) Defendants filed a notice of non-opposition to the proposed amendments. (Dkt. No. 42.) The Court denied the motion, without prejudice, finding that the proposed SAC was incoherent. (Dkt. No. 45.) The Court ordered Plaintiff to file a new motion for leave to amend and attach a proposed SAC using the Court's form civil rights complaint. (*Id.*)

On April 18, 2024, Plaintiff submitted a proposed SAC using the Court's form civil rights complaint. (Dkt. No. 50.) The Court found that its prior order may have caused confusion, and thus permitted Plaintiff to file a "motion for leave to file the proposed SAC" by May 22, 2024. (Dkt. No. 51.)

Counsel for Plaintiff, Robert Michael Flynn, entered his appearance on May 21, 2024. (Dkt. No. 54.) The next day, Plaintiff, through counsel, filed the pending motion for leave to file SAC. (Dkt. No. 55.) Rather than move for leave to file the April 18, 2024 proposed SAC, counsel moved for leave to file a type-written SAC which was styled to comply with the Civil Local Rules.[1] In both versions of the SAC, Plaintiff sought to add Trent Allen and M. Atchley as

---

[1] Counsel did not comply with this Court's Civil Standing Order No. 9 which requires "[e]ach party filing or opposing a motion [to] also electronically file and serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt. The proposed order should be

2

defendants and to renew his claims against dismissed defendants Haner and Andaverde. For the sake of clarity, when the Court refers to the "SAC" in this order, it refers to the second, type-written SAC unless otherwise noted.

Defendants now oppose Plaintiff's motion for leave.

## ANALYSIS

**A.  Applicable Legal Standards.**

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to successively amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* When determining whether to grant leave, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Given the policy of granting leave to amend with extreme liberality, courts may only deny leave to amend if they make "specific findings of prejudice, bad faith, or futility." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Of these factors, prejudice "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Plaintiff Shall Be Given Leave to Amend.**

Defendants argue that the Court should not reach the Rule 15(a) factors because Plaintiff cannot show "good cause" to modify his First Amended Complaint after the time for amendments has passed under Rule 16(b). Defendants next argue that, should the Court reach the Rule 15(a) considerations, amendment should be denied due to prejudice and futility.

**1.  Good Cause Exists to Submit the Second Proposed SAC.**

Defendants contend that only the April 18, 2024 SAC was timely filed, and that any subsequent amendments are only permissible if Plaintiff satisfies Rule 16(b). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff argues that Rule 16(b) is inapplicable because the Court issued an order permitting Plaintiff to submit a motion for leave to file the SAC by May 22, 2024, and the second proposed

---

electronically filed at the same time as the motion or opposition. A word version of the proposed order should be sent to jswpo@cand.uscourts.gov."

3

SAC is a nearly identical, type-written version of the first proposed SAC.

This is a non-issue. Defendant acknowledges that the second proposed SAC is "almost identical" to the first proposed SAC, which was timely. (Dkt. No. 56, Opp., at 3:23.) Defendant does not identify any meaningful differences between the documents which would implicate the management of this case. The typed version of the proposed SAC is easier for all parties and the Court to understand. The Court thus finds, to the extent it is necessary, that good cause exists to permit Plaintiff to submit the second proposed SAC. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (holding district courts have "broad discretion" to permit later amendments to pleadings).

### 2. Amendment Is Made in Good Faith.

Defendants do not contend that the proposed amendments were made in bad faith. Accordingly, this factor weighs in favor of amendment.

### 3. There Is No Undue Delay.

Defendants do not directly argue that Plaintiff unreasonably delayed proposing the SAC. However, they contend that amendment is unreasonable given that the First Amended Complaint has controlled the matter for two years as of the time of Defendants' opposition.

The Court finds that Plaintiff did not delay. The SAC was filed near-in-time to Plaintiff obtaining representation in this matter, and the motion for leave to file the SAC was filed the day after counsel made his appearance. Although Defendants contend that Plaintiff's counsel became involved in the litigation as early as August 2023, counsel did not enter an appearance on behalf of Plaintiff until May 2024. Plaintiff's counsel confirms that he did not undertake representation until May 2024, but merely considered taking the case as early as August 2023. In the interim, Plaintiff continued to represent himself. (*See, e.g.*, Dkt. Nos. 44, 50.)

Although the action has been pending for several years, the parties remain in early stages of litigation. Defendants have not filed a dispositive motion, the parties have not completed discovery, and no trial date has been set. Amendment will not disrupt the management of the case.

### 4. Amendment Will Not Prejudice Defendants.

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052

4

(quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  It is Defendants' burden, as the parties opposing amendment, to demonstrate prejudice.  *DCD Programs*, 833 F.2d at 187.  Where a case is in the discovery stage and has no trial date or pretrial conference pending, prejudice is unlikely.  *Id.* at 188.

Defendants contend that amendment will prejudice them because Plaintiff seeks to add state law claims in his SAC.  Defendants argue that the state law claims will be "extremely prejudicial" because Defendants have, to date, operated under federal standards and requirements, and adding the claims would be confusing.  (Opp. at 10-11.)

The Court finds this generalized protest to be insufficient and unavailing.  The action remains in early stages, such that Defendants have ample opportunity to adjust to state law claims.  The Court believes counsel for the Defendants, who are Deputy Attorneys General with the State of California, are more than competent to address relevant California state laws.

### 5.     Amendment Is Not Futile.

Defendants argue that amendment is futile as to newly added defendants, the addition of Doe Defendants, the revival of claims against the dismissed defendants, and the newly-articulated state law claims.

The Court agrees that Defendants have identified certain portions of the SAC which are subject to dismissal.  However, because the remaining amendments would not be futile, the Court grants leave to amend.

#### a.     Plaintiff May Not Substitute Defendants Atchley and Allen for Former Doe Defendants.

Defendants contend that Plaintiff's claims against Atchley and Allen are futile because Plaintiff does not allege any direct actions by Atchley and Allen, and supervisors are not generally liable under Section 1983 for the actions of their employees.  (*See* SAC, ¶ 37 (alleging that Allen and Atchley "violated Plaintiff's due process rights by failing to prevent, stop, remedy, or hold accountable their officers" who beat Plaintiff or who filed false reports after Plaintiff was beaten).)  Defendants further argue that claims against Atchley and Allen are untimely and barred by the applicable statute of limitations.

Plaintiff does not respond to these arguments and thus implicitly concedes them. *See Amcor Flexibles Inc v. Fresh Express Inc*, No. 14-CV-01025 LB, 2014 WL 2967909, at *7 (N.D. Cal. July 1, 2014) (holding plaintiff "implicitly concedes [argument] by failing to address this argument in its reply brief"); *Jones v. Regents of Univ. of California*, No. 21-CV-07844-JSW, 2022 WL 1137089, at *2 (N.D. Cal. Apr. 18, 2022) ("The Court views Plaintiff's failure to oppose Defendants' arguments as a concession that those claims should be dismissed").

### b.  The Court Dismisses the Doe Defendants Without Prejudice.

Defendants contend that Plaintiff may not add "Doe" defendants at this late juncture, particularly because Plaintiff's counsel has indicated that he now knows the identity of the Doe defendants. Although suit against Doe defendants is disfavored in this circuit, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), Plaintiff has maintained throughout the action that he intends to name certain defendants "to be determined." (*See* Compl., at 1.) It appears to the Court that Plaintiff's counsel could not have modified the proposed SAC to better identify those defendants without drawing Defendants' objection that the first and second proposed SACs were materially different.

Plaintiff may amend the pleadings to substitute the three unnamed individuals for the Doe defendants within fourteen days of this order.

### c.  The Court Grants Leave to Clarify the Claims Against Andaverde and Haner.

For similar reasons, the Court grants Plaintiff leave to amend the SAC to clarify the claims against Defendants Andaverde and Haner. Plaintiff wrote the SAC without the benefit of counsel, and the typewritten version of the SAC is largely identical to the previous handwritten version. Now that Plaintiff has counsel, he may amend the pleadings to resolve the issues identified in the Court's previous order of dismissal within fourteen days of this order.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint. The SAC attached to the motion for leave, (Dkt. No. 55-1), shall be the operative complaint.

The Court further finds that certain portions of the SAC are subject to dismissal.

- The Court DISMISSES the claims against Defendants Atchley and Allen, with prejudice.
- The Court DISMISSES the claims against the Doe defendants and Defendants Andaverde and Haner, without prejudice.
- Plaintiff may file a third amended complaint within fourteen (14) days of this Order.

The Court SETS a Case Management Conference in this matter for April 25, 2025, at 9:00 a.m. The Court FURTHER ORDERS the parties to file a joint case management statement, which includes an expeditious proposed case management schedule, by April 17, 2025.

**IT IS SO ORDERED.**

Dated: March 26, 2025

_____
JEFFREY S. WHITE
United States District Judge