United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MESSIAH MESSIAH,
Plaintiff,
v.
D. GARCIA LARA, et al.,
Defendants.

Case No. 22-cv-02616-JSW

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR RECONSIDERATION**

Re: Dkt. Nos. 101, 145, 146, 147, 148, 150

Now before the Court are the motions for summary judgment filed by Defendant Lieutenant Erik Beam, Plaintiff, and Defendants Rodriguez, Garcia, Welch, Haner, Perez, Thich, Garcia-Lara, and Andaverde (collectively "Defendants") as well as the outstanding motion for reconsideration of this Court's order dismissing Defendants Atchley and Allen. For the reasons stated herein, the Court DENIES the three motions for summary judgment and GRANTS the motion for reconsideration.[1]

**BACKGROUND**

Plaintiff Messiah, a California inmate, has alleged that Defendants, prison employees, punched, kicked, and stomped on him while others watched when Plaintiff intervened in another fight in the prison courtyard. Plaintiff alleges this beating occurred on the morning of May 2, 2021, while he was confined at the Salinas Valley State Prison. He alleges that Defendants Rodriguez, Garcia Lara, Garcia, Welch, Perez, Beam, Thich, and Covarrubias repeatedly struck

[1] The Court GRANTS Plaintiff's administrative request to file under seal. (Dkt. No. 148.)

him while he was restrained and handcuffed, or were nearby and failed to intervene. (Dkt. No. 73, Third Amended Complaint ("TAC") at ¶¶ 9-16, 16-20.) Due to his prone position on the ground and the severity of his injuries, Plaintiff was unable to observe which correctional officers directly participated in the beating and which officers observed and failed to intervene. (*Id.* ¶¶ 7-8.) Plaintiff alleges that he suffered severe injuries, including "wounds to his head, significant loss of blood, and injuries throughout his body due to Defendants' punching and stomping him while he was on the ground handcuffed." (*Id.* ¶ 6.) He received seven staples to his head. Plaintiff also alleges that Defendants falsified documents, filed false incident reports, and violated their duties to intervene and report criminal activities of staff. (*Id.* ¶¶ 29, 31, 33, 34, 41.)

Plaintiff initiated this action without representation in April 2022 and filed an amended complaint in July 2022. (Dkt. No. 1, Complaint; Dkt. No. 13, First Amended Complaint.) He alleged two claims: an Eighth Amendment violation for excessive force and a due process violation of the false reports. The Court screened the First Amended Complaint under 42 U.S.C. section 1915(A). (Dkt. No. 17, Order of Partial Dismissal and of Service.) In its screening order, the Court permitted the Eighth Amendment claim to proceed but dismissed the due process claim.

Plaintiff tried to file a Second Amended Complaint and then obtained counsel. The Court thereafter accepted the third proposed Second Amended Complaint, prepared by counsel. (Dkt. No. 58, Order Granting Motion for Leave to File SAC.) The Court initially dismissed the claims against Defendants Atchley and Allen but subsequently granted Plaintiff's motion to reconsider. (Dkt. No. 69, Order Granting in Part and Denying in Part Motion to Reconsider and Permit Additional Doe Defendants.) The Court gave Plaintiff leave to amend to state specific factual allegations in support of his claims against Atchley and Allen. Plaintiff then filed his Third Amended Complaint in May 2025. He now alleges five causes of action: (1) violation of the Fourth Amendment via 42 U.S.C. section 1983 ("Section 1983"); (2) violation of the Eighth Amendment prohibition against cruel and unusual punishment via Section 1983; (3) violation of the Fourteenth Amendment's due process protections via Section 1983; (4) violation of the Bane Civil Rights Act, California Civil Code section 52.1; and (5) assault and battery under California law.

Now before the Court is: (1) the motion for summary judgment filed by Defendant Beam; (2) the motion for summary judgment filed by Plaintiff; (3) the motion for summary judgment filed by the remaining prison official Defendants; and (4) the motion for reconsideration of the dismissal of Defendants Atchley and Allen.

The Court shall address additional facts, as necessary, in the body of its analysis.

**ANALYSIS**

**A. Applicable Legal Standards.**

"A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56(a). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court may not weigh evidence or make determinations of credibility. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c).

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248-49. A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or shows that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "A mere scintilla of evidence will not be sufficient to defeat a

properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (cleaned up). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B. Motion for Summary Judgment Filed by Defendant Beam.**

Defendant Beam moves for summary judgment against all claims, for use of force and failure to intervene in the use of excessive force by others, and for violations of the Bane Act or assault and battery. Beam argues that his testimony regarding the incident establishes that he arrived to the scene in the prison yard after Plaintiff had allegedly already been beaten while prone and handcuffed. Beam contends that, although officers have a duty to intercede when their fellow officers violate the constitutional rights of inmates, "officers who were not present at the time of the shootings could not interceded to prevent their fellow officers from shooting at [the plaintiffs]. Thus, we find that the … non-present officers cannot be held liable for failing to intercede to prevent the shooting of the plaintiffs in the instant case." *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000). Accordingly, because he claims that he was not there during the incident, Beam argues that he cannot be held liable for any failure to intervene.

In response, Plaintiff argues that his own testimony regarding having seen Beam in the courtyard during the incident should be given deference and that it contradicts Beam's recollection. In his deposition, Plaintiff testified that Beam came into view while he was prone on the ground and in handcuffs and that Beam failed to intervene during the alleged assault. Furthermore, Plaintiff contends that Beam, acting as a supervisor, is liable for covering up the use of excessive force in the reporting made of the incident afterward. Plaintiff contends that Beam did not take any action to address deficiencies in the staff reports.

The Court finds that a jury may choose to believe Plaintiff's testimony and his perception that Beam failed to intervene during the incident itself, or afterward in his failure to address deficiencies in the reporting of the incident. Because the issue of Beam's participation in the incident and its aftermath is a matter of dispute, the Court DENIES Beam's motion for summary

judgment.

**C. Plaintiff's Motion for Summary Judgment.**

Plaintiff moves for summary judgment on most of his claims. First, he claims that he is entitled to summary judgment on his Eighth Amendment claim because the officers involved in the incident were not able to recall it when deposed and therefore, he claims, there is an undisputed record based on his own testimony that he was beaten after being handcuffed. Again, the issue of whether Plaintiff was beaten or sustained injuries after he was already handcuffed and prone is a matter of dispute. The contemporaneous evidentiary record contradicts Plaintiff's testimony. Accordingly, summary judgment is not appropriate on the Eighth Amendment claim.

Second, Plaintiff contends that Defendants Beam and Thich failed to intervene. Plaintiff argues that there is no testimony contradicting Plaintiff's account of what occurred and therefore there is no disputed fact regarding the officers' duties to intervene and report unconstitutional conduct. However, from a review of the record before the Court, there remain disputes of fact regarding the location of the officers and whether any unconstitutional conduct actually occurred and who may have been proximate enough to intervene if such an assault occurred. Accordingly, summary judgment is not appropriate on the failure to intervene claim.

Next, Plaintiff argues that the Court should reconsider the dismissal of Atchley and Allen. Based on the briefing before the Court and the record demonstrating these proposed defendants' positions at the time of the incident, the motion for reconsideration is GRANTED. However, the motion for summary judgment on Plaintiff's claims against them is not well-taken. Neither Atchley nor Allen participated in the May 2 incident, directed the officers' actions, or knew of the use of force while it was occurring. Rather, Plaintiff contends that their later administrative review of the pertinent records knowingly ratified the alleged use of excessive force. Defendants contend that, according to Plaintiff's allegations, the records were falsified or sanitized thereby concealing the unconstitutional conduct. Thus, Atchley and Allen reviewed records that did not disclose the alleged beating, and these defendants could not therefore have knowingly approved the alleged misconduct. Plaintiff also does not allege that these defendants were instrumental in the design or administration of the required training courses or curriculum and therefore cannot be

United States District Court
Northern District of California

faulted for the content of the departmental training. In any case, the relevant factual allegations are disputed, there can be no basis for summary judgment against these added defendants.

In addition to his motion for summary judgment, Plaintiff takes this opportunity to object to Defendants' evidentiary disclosures and their two experts. The Court has referred discovery to Magistrate Judge Kang who may or may not identify evidence that is lacking. The Court DENIES without prejudice the perfunctory efforts by Plaintiff to strike Defendants' experts. This is more properly the purview of a *Daubert* motion and Plaintiff does not approach the burden he would have to meet to strike these experts.

**D. Defendants' Motion for Summary Judgment.**

Defendants Rodriguez, Garcia, Welch, Haner, Perez, Thich, Garcia-Lara, and Andaverde (collectively "Defendants") move for summary judgment as to Plaintiff's claims for excessive force, failure to intervene, and assault and battery.

Defendants claim that Plaintiff was unable to identify which officers restrained and then allegedly beat him, while the officers' testimony indicates that several of them were involved in another fight that had broken out in the prison yard and only approached Plaintiff once he was restrained. Defendants also offer the expert testimony of Dr. Tatum to opine that the scale of Plaintiff's injury does not support his claim of a post-restraint multiple-officer beating. On this basis, Defendants contend that it is "objectively untenable" that Plaintiff was severely beaten after he was restrained. Plaintiff testified that officers continued to strike him while Plaintiff lay prone and was handcuffed and that officers Thich and Beam were close enough to the incident to intervene. Plaintiff contends that Defendants' contrary evidence consists of incident narratives which could not be confirmed at deposition. Plaintiff further argues that Dr. Tatum could not determine the precise cause of the scalp laceration or the number of impacts. These multiple disputes of fact preclude the granting of summary judgment for Defendants just as it does for Plaintiff.

Defendants also move for summary judgment on the claims against officers for failure to intervene. Again, as the Court found with Officer Beam's and Plaintiff's motions for summary judgment, the issue of how close the officers were to the alleged beating and whether and how

much they could have intervened are clearly issues of disputed fact. The Court finds that it cannot grant summary judgment for any party on the claim for failure to intervene.

Defendants move against Plaintiff's claim for assault and battery by arguing that "[t]he record does not permit a reasonable jury to find that the documented force was unreasonable." (Dkt. No. 150, Motion at 15.) However, Plaintiff contends that the documentation of the incident was falsified or otherwise was inaccurate. And the domain of the jury is to determine whether the use of force can be demonstrated and how reasonable it may have been.

Next, Defendants contend that the favorable-termination doctrine bars Plaintiff's claim under the Eighth Amendment and for assault and battery because the theory upon which Plaintiff seeks recovery necessarily invalidates his still-valid disciplinary conviction for battery on the peace officer, which resulted in the loss of 121 days of credits. *Heck v. Humphrey*, 512 U.S. 477. 486-87 (1994), bars a Section 1983 action where the judgment for a plaintiff would necessarily imply the invalidity of an outstanding conviction or sentence, unless that conviction or sentence has already been invalidated. This rule applies to prison disciplinary proceedings resulting in the loss of good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Here, however, the force at issue allegedly occurred after Plaintiff was handcuffed and prone on the ground, in a phase different from the predicating facts of Plaintiff's conviction. The initial restraint and resistance to the restraint form the basis for the conviction for battery on an officer. The secondary use of force while restrained forms the basis for Plaintiff's claims here. Accordingly, the favorable-termination doctrine does not apply as the conviction would not necessarily be invalidated by a favorable verdict in this case.

Defendants further contend that they are entitled to qualified immunity because their conduct did not violate a constitutional right that was clearly established at the time of the challenged conduct. In this regard, Defendants argue that their conduct in restraining Plaintiff when he posed a threat to the officers and to institutional security was proportional and reasonable. There is no dispute, and Plaintiff does not argue otherwise, that the initial restraint was within constitutional parameters. Rather, the issue is Plaintiff's allegation that he was severely beaten after he was restrained and in handcuffs. Although Defendants again contend this post-restraint

United States District Court
Northern District of California

violence did not occur, this is the central dispute of fact that precludes summary judgment. Qualified immunity would not be available to Defendants if they are found to have beaten Plaintiff after he was restrained, handcuffed, and prone on the ground. Accordingly, for the alleged conduct that forms the basis of Plaintiff's claims, there is no qualified immunity available to Defendants.

Lastly, with the addition of Atchley and Allen, the Court finds there are disputed facts regarding their handling of the post-incident review of the alleged post-restraint beating, thus precluding summary judgment of the claims pending against them.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the motions for summary judgment filed by Defendant Beam, Plaintiff, and Defendants Rodriguez, Garcia, Welch, Haner, Perez, Thich, Garcia-Lara, and Andaverde and GRANTS the outstanding motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 28, 2026



JEFFREY S. WHITE
United States District Judge